IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Rahshaan Andrell Abrams, | ) | C/A No. 3:08-4073-JFA-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Wachovia Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the defendant's bill of the costs (ECF No. 31). The court entered summary judgment in favor of the defendant on June 25, 2010 (ECF No. 29). The defendant timely submitted a bill of costs and attorney declaration (ECF No. 31-1) pursuant to Fed. R. Civ. P. 54(d), 28 U.S.C. § 1920, and Local Civil Rule 54.03. Among other things, the defendant seeks reimbursement for costs associated with the taking of plaintiff's deposition, copying and exemplification, and travel. Plaintiff's deposition was videotaped, and the defendant seeks costs for both the written transcripts and video recordings taken in each deposition. The plaintiff objects to paying for the video recordings, in the amount of $1950.00, the costs of exemplification and copying certain documents, in the amount of $1,148.62, and defense counsel's travel expenses in the amount of $614.30. The court agrees with the plaintiff and sustains his objections.

A prevailing party may be awarded costs unless a statute, rule, or court order says otherwise. Fed. R. Civ. P. 54(d). Costs include "transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920. *See also* Local Civil Rule 54.03 DSC (providing that costs

incident to taking depositions, including the "stenographer's fee, costs of original transcription, and postage," are "normally allowed"). Accordingly, the prevailing party may not recover costs for both the transcription and videotaping of a deposition unless the party can show that the costs were "necessarily obtained for use in the case." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 449 (4th Cir. 1999). "The concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial." *Id.* Here, the defendant fails to make any argument or showing that the video recordings were necessary within the meaning of that concept as set forth in *Champion*. 186 F.3d at 449. In the absence of such a showing, the court declines to order reimbursement for the $1950.00 cost of videotaping the deposition of plaintiff.

Plaintiff also objects to the $1,148.62 fee for exemplification and copies of papers. Recovery of photocopying expenses requires a showing that the papers were necessarily obtained for use in the case. 28 U.S.C. § 1920(4). Copies obtained merely for the convenience of the a party are ordinarily not allowed. *See Simmons v. O'Malley*, 235 F. Supp. 2d 442 (D. Md. 2002). Local Civil Rule 54.03(f) allows fees for exemplification and copies of papers for: (1) the cost of a single copy that is admitted into evidence; (2) the fee of an official to certify the nonexistence of a document; (3) the cost of a translation; (4) the cost of copying a map of photograph; (5) and the cost of patent file wrappers. Here, no copies of any documents were admitted into evidence as copies—all documents were submitted electronically via ECF. Also, the vast majority of the documents offered in support of defendant's motion for summary judgment consist of deposition transcripts, the

cost of which, according to the invoices attached to the bill of costs, appears to include an original and a copy. (*See* ECF No. 31-1, 2.) Accordingly, the court declines to award the $1,148.62 fee for exemplification and copies of papers.

Finally, plaintiff objects to defense counsel's travel expenses related to taking depositions in the amount of $614.30. As defendant has put forth no argument in favor of why counsel's travel fees should be taxable, and in the absence of any authority providing for attorney travel expenses, the court is constrained to deny defense counsel's travel expenses in the amount of $614.30.

Accordingly, the court denies the defendant's request for reimbursement in the amount of $3,712.92 for the costs associated with video recording and copies, on the ground that they are not properly taxable under 28 U.S.C. § 1920. The remainder of the request for costs is granted. Plaintiff is therefore ordered to pay the defendants $2,370.54, which is $3,712.92 less than the amount requested in the bill of costs.

IT IS SO ORDERED.

August 5, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge